**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000737
14-FEB-2017
07:54 AM**

NO. CAAP-16-0000737

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID HAILI KAAWA, IV., Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 15-1-007K; CR. NO. 11-1-277K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Plaintiff-Appellant David H.
Kaawa, IV's (Appellant Kaawa) appeal in appellate court case
number CAAP-16-0000737 from the ongoing circuit court proceedings
in S.P.P. No. 15-1-007K, the Honorable Ronald Ibarra presiding,
because the circuit court has not yet entered a final judgment or
final order pursuant to Hawaii Revised Statutes (HRS) § 641-11
(2016), Rule 40(h) of the Hawai'i Rules of Penal Procedure
(HRPP), and the holding in Grattafiori v. State, 79 Hawai'i 10,
13, 897 P.2d 937, 940 (1995).

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). Pursuant to HRS § 641-11 (2016) and "HRPP [Rule] 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940 (1995) (internal quotation marks and brackets omitted). Nevertheless, the Supreme Court of Hawai'i has specifically held that, when a petitioner for post-conviction relief under HRPP Rule 40 files a notice of appeal before the circuit court has announced and entered its final order or final judgment, then "we must conclude that . . . [the] notice of appeal . . . has no legal effect, insofar as there is no jurisdictional basis upon which to file an appeal from an order that has not yet been announced or entered." Id. Under such circumstances, the

> notice of appeal constitutes a legal nullity because, at the time of filing, there was neither an oral decision nor a written order from which to appeal. While we treat an appeal as timely where a defendant has filed his notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP [Rule] 4(b), we cannot do so where the court has rendered no decision whatsoever.

Id. at 14, 897 P.2d at 941 ("Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.").

In the instant case, the circuit court has not yet entered a final judgment or final order that resolves the issues

-2-

that Appellant Kaawa's HRPP Rule 40 petition for post-conviction relief raised in S.P.P. No. 15-1-007K. Appellant Kaawa's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-16-0000737.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000737 is dismissed for lack of appellate jurisdiction without prejudice to Appellant Kaawa asserting a timely appeal from a future final judgment or final order.

DATED: Honolulu, Hawai'i, February 14, 2017.

Presiding Judge

Associate Judge

Associate Judge